UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL D. BENNETT, JOSH
KRUMPACH, and CHRIS
TURGEON, on behalf of the JJF
Management Services, Inc. Employee
Stock Ownership Plan, and on behalf
of a class of all others persons similarly
situated,

     Plaintiffs,

v.                             Case No: 8:26-cv-1255-CEH-CPT

BOARD OF DIRECTORS OF J.J.F.
MANAGEMENT SERVICES, INC.,
MARIANNA F. HEETER, as
Administrator of the Estate of Richard
A. Heeter,
CAPITAL TRUSTEES, LLC,
DOROTHY M. FITZGERALD, in
her personal capacity and in her
capacity as personal representative of
the Estate of John J. Fitzgerald, Jr.,
JOHN J. FITZGERALD, III,
WALTER SKIPPER,
JAMES W. CASH,
GREGG STEINBARTH,
MARGARET M. FITZGERALD,
KATHLEEN ICEBERG,
ROBERT M. SMITH, JR., and
DAVID JENKINS,

     Defendants.
_____/

## **O R D E R**

This cause is before the Court upon review of file.  In this action brought under

the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29

U.S.C. § 1132(a)(2)–(3), Plaintiffs, Michael D. Bennett, Josh Krumpach, and Chris Turgeon, sue on behalf of the JJF Stock Ownership Plan and on behalf of a class of all persons similarly situated. Doc. 88. In a seven-count Second Amended Class Action Complaint, Plaintiffs allege violations of ERISA §§ 404(a)(1)(A)–(B); 406; and 405(a), asserting claims against Defendants for breach of fiduciary duties, improper fiduciary appointment and monitoring, prohibited transactions, and co-fiduciary liability. Because Plaintiffs' Second Amended Complaint is a shotgun pleading, it is due to be dismissed, and Plaintiffs will be given the opportunity to amend.

## DISCUSSION

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citation omitted). The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). Relevant here, a complaint that contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" constitutes a shotgun pleading. *Id.* at 1321. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* When faced with a shotgun pleading, a court should strike the complaint and instruct plaintiff to file a more definite statement. *See Davis v. Coca-Cola*

*Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.

The Second Amended Complaint, here, constitutes a shotgun pleading. Each of Plaintiffs' counts incorporates all preceding paragraphs, including prior counts, resulting in the final count constituting a culmination of the entire complaint. This form of pleading is exactly the type repeatedly condemned by the Eleventh Circuit. Therefore, the Court will dismiss the Second Amended Complaint and grant Plaintiffs leave to file an amended complaint which conforms with Federal Rules of Civil Procedure 8 and 10 and the Local Rules of the Middle District of Florida. In filing an amended complaint, Plaintiffs shall ensure that they avoid shotgun pleading pitfalls and comply with applicable pleading requirements.

Accordingly, it is hereby **ORDERED**:

1. Plaintiffs' Second Amended Complaint (Doc. 88) is **DISMISSED without prejudice** as a shotgun pleading.

2. Plaintiffs are granted leave to file a Third Amended Complaint within **FOURTEEN (14) DAYS** from the date of this Order, which must correct the deficiencies discussed herein.

3. Failure to file a Third Amended Complaint within the time provided will result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Tampa, Florida on June 8, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any

4