**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MICHAEL D. BENNETT, et al.,

Plaintiffs,

v. Case No: 8:26-cv-1255-CEH-CPT

BOARD OF DIRECTORS OF J.J.F. MANAGEMENT SERVICES, INC., et al.,

Defendants.

---

**ORDER**

This cause comes before the Court on the Defendants' Motion to Stay Discovery (Doc. 128) filed by Defendants Board of Directors of J.J.F. Management Services, Inc., James W. Cash, Dorothy Fitzgerald, Margaret Fitzgerald, Kathleen Iceberg, David Jenkins, Walter Skipper, Robert M. Smith, and Gregg J. Steinbarth (collectively "Movants"). Plaintiffs filed a response in opposition (Doc. 129). Upon careful consideration, the Court will deny the motion.

**BACKGROUND**

In this action, Plaintiffs Michael D. Bennett, Josh Krumpach, and Chris Turgeon, on behalf of the JF Management Services, Inc. Employee Stock Ownership Plan ("ESOP"), and on behalf of a class of similarly situated persons (collectively "Plaintiffs"), sue the Board of Directors of JJF Management Services, Inc.; Marianna F. Heeter, as Administrator of the Estate of Richard A. Heeter, Capital Trustees, LLC;

Dorothy M. Fitzgerald, in her personal capacity and in her capacity as personal representative of the Estate of John J. Fitzgerald, Jr.; John J. Fitzgerald, III; Walter Skipper, James W. Cash, Gregg Steinbarth, Margaret M. Fitzgerald, Kathleen Iceberg, Robert M. Smith, Jr., and David Jenkins (collectively "Defendants"), in a civil enforcement action brought pursuant to Sections 502(a)(2) and 502(a)(3) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(2)–(3), on behalf of the ESOP and participants and beneficiaries of the ESOP. Doc. 1.

Initially filed in the District of Maryland, Northern Division, in July 2025, the action was transferred to this Court on April 29, 2026. Docs. 43, 45. Plaintiffs filed a Third Amended Class Action Complaint on June 22, 2026 (Doc. 122), alleging the following claims: breach of fiduciary duties (Count I); improper fiduciary appointment and monitoring in violation of ERISA § 404(a)(1)(A)–(B), 29 U.S.C. § 1104(a)(1)(A)–(B) (Count II); prohibited transactions in violation of ERISA § 406, 29 U.S.C. § 1106 (Count III); knowing participation in prohibited transactions in violation of ERISA § 406, 29 U.S.C. § 1106 and Claim For Equitable Relief Under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) (Count IV); prohibited transactions in violation of ERISA § 406, 29 U.S.C. § 1106 (Count V); co-fiduciary liability under ERISA § 405(a), 29 U.S.C. §§ 1105(a) (Count VI); and indemnification under ERISA § 410(a), 29 U.S.C. § 1110(a) (Count VII). Defendants moved to dismiss the Third Amended Complaint. Docs. 130, 131, 133.

**DISCUSSION**

Courts have broad discretion in managing their own dockets. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This discretion includes the ability to stay discovery if a movant demonstrates good cause and reasonableness. *James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-SDM-JSS, 2016 WL 520031, at *1 (M.D. Fla. Feb. 9, 2016) (citing Fed. R. Civ. P 26(c)(1)). The pendency of a motion to dismiss normally will not justify a unilateral motion to stay discovery pending the Court's resolution of the motion to dismiss. And Eleventh Circuit case law, including the Eleventh Circuit's holding in *Chudasama v. Mazda Motor Corporation*, 123 F.3d 1353 (11th Cir. 1997), does not support "the implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss." *In re Winn Dixie Stores, Inc. Erisa Litig.*, No. 3:04-CV-194-VMC-MCR, 2007 WL 1877887, at *2 (M.D. Fla. June 28, 2007).[1] However, "unusual circumstances may justify a stay of discovery in a particular case upon a showing of prejudice or undue burden." Middle District Discovery (2021) at Section I.E.4. Thus, "a stay of discovery pending the resolution of a motion to dismiss is the

[1] Although the Eleventh Circuit in *Chudasama* held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins," the cause of action subject to dismissal in that case significantly enlarged the scope of discovery and was "especially dubious." *Id*. at 1367–68. *Chudasama* and its progeny actually "stand for the [narrow] proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Koock v. Sugar & Felsenthal, LLP*, No. 8:09-CV-609-EAK-EAJ, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009) (quoting *In re Winn Dixie Stores*, 2007 WL 1877887, at *1).

exception, rather than the rule." *Jolly v. Hoegh Autoliners Shipping AS*, No. 3:20-cv-1150-MMH-PDB, 2021 WL 1822758, at *1 (M.D. Fla. Apr. 5, 2021).

Movants argue that discovery in this ERISA putative class action should be stayed because recent Supreme Court caselaw advises district courts to do so. Plaintiffs oppose the stay of discovery arguing that Defendants fail to carry their burden of justifying a deviation from the Court's normal practice of permitting discovery while a motion to dismiss is pending. In arguing for a categorical stay of discovery, Defendants attribute a sweeping directive to the holding in *Cunningham v. Cornell University*, 604 U.S. 693 (2025), that is unsupported by the Supreme Court's decision.[2]

Movants additionally argue that a stay of discovery would not prejudice Plaintiffs. In response, Plaintiffs claim that a stay would be materially prejudicial to their ability to pursue their claims, particularly where two of the participants in the challenged transaction are deceased and Defendant Capital Trustees is "winding

---

[2] Defendants contend that the Supreme Court advised district courts to stay discovery in ERISA cases because it recognized the risk of an "avalanche" of meritless litigation will result if a district court does not limit discovery before screening ERISA claims. Doc. 128 at 2-3. First, the "avalanche of meritless litigation" was an argument advanced by respondents if courts did not require prohibited transaction claims under § 1106(a)(1)(C) to require the additional element of disproving the applicability of § 1108(b)(2)(A) exemptions. Second, the *Cunningham* court rejected respondents' argument and reversed the district court's order dismissing the ERISA plaintiffs' claims, holding "that plaintiffs seeking to state a § 1106(a)(1)(C) claim must plausibly allege that a plan fiduciary engaged in a transaction proscribed therein, no more, no less." *Cunningham*, 604 U.S. at 709. In so holding, the Court noted that "[i]ncorporating all 21 § 1108 exemptions as elements into the otherwise straightforward prohibitions in § 1106(a) would plainly frustrate Congress's intent." *Cunningham*, 604 U.S. at 705. Third, contrary to Defendants' suggestion that the Supreme Court's sole advice was to stay discovery, the Court noted that "ERISA itself gives district courts an additional tool to ward off meritless litigation: cost shifting." *Id.* at 709 (citing § 1132(g)(1)). Finally, the *Cunningham* Court observed that the district court has discretionary authority to expedite or limit discovery as necessary to mitigate unnecessary costs. *Id.*

down." Plaintiffs argue that any efforts to preserve testimony, secure records, and identify relevant witnesses would be obstructed by the proposed stay.

In determining whether to stay discovery pending the resolution of a motion, the Court "must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). In balancing these considerations, the Court may take a "preliminary peek" at the merits of the purportedly dispositive motion to determine if, on the motion's face, "there appears to be an immediate and clear possibility" that the Court will grant the motion, which supports entering a stay. *Id.* The Court generally denies motions to stay absent a clear indication that the Court will dismiss the action in its entirety. *McCrimmon v. Centurion of Fla., LLC*, No. 3:20-cv-36-BJD-JRK, 2020 WL 6287681, at *2 (M.D. Fla. Oct. 27, 2020) (collecting cases); *Jolly*, 2021 WL 1822758, at *1–2. Finally, the movant must show the necessity, appropriateness, and reasonableness of the proposed stay. *Jolly*, 2021 WL 1822758, at *1.

Here, Defendants do not show that unusual circumstances justify the requested stay, or that prejudice or an undue burden will result if the Court does not impose a stay. While Defendants' motion alludes to a massive discovery burden on their part, the motion represents that Defendants have already preserved all documents and information potentially relevant to the claims. Thus, the prejudice to Defendants is not readily apparent.

Moreover, the pendency of the motions to dismiss, standing alone, does not supply good cause or reasonableness for the requested stay. *See* Middle District Discovery (2021) at Section I.E.4. Finally, a preliminary peek at the motions does not demonstrate an immediate and clear possibility that the Court will dismiss the action in its entirety. *See McCrimmon*, 2020 WL 6287681 at *2. Thus, Defendants have not satisfied the high standard required to stay discovery pending resolution of a dispositive motion. Having balanced the harm produced by a delay in discovery against the possibility that the Court will grant the motions to dismiss in full, the Court will deny the Motion to Stay Discovery.

Accordingly, it is **ORDERED** that Defendants' Motion to Stay Discovery (Doc. 128) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 21, 2026.

Charlene Edwards Honeywell

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties